UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

CSI Investment Partners II, L.P., CIS Acquisition
Partners, L.P., Canterbury Mezzanine Capital,
L.P., David C Thompson, M. Gerard Keehan,
Vineet Pruthi, Donald J. Shea, James M. Rothe,
Michael Cossel, John J. Adams, Robert E.
Richardson, Marilyn Schwartz, and Charles
Caudle,

                    Plaintiffs,

               - against -

Cendant Corporation, Henry Silverman, Samuel
Katz and Cosmo Corigliano,

                    Defendants.

---------------------------------------------------------------- x

Cendant Corporation,
               Counterclaim-Plaintiff,

             - against –

CSI Investment Partners II, L.P., CIS Acquisition
Partners, L.P., Canterbury Mezzanine Capital,
L.P., David C Thompson, M. Gerard Keehan,
Vineet Pruthi, Donald J. Shea, James M. Rothe,
Michael Cossel, John J. Adams, Robert E.
Richardson, Marilyn Schwartz, and Charles
Caudle,

               Counterclaim-Defendants,

             - and -

Tonya Carmichael, Lincolnshire Equity, Inc.,
Lincolnshire Management, Inc., Steve Kumble,
and Thomas J. Maloney,
         Additional Counterclaim-Defendants.

---------------------------------------------------------------- x

00-CV-01422

**SUPERSEDEAS BOND**

**BOND NO. 08916502**

APPROVED
J. Michael McMahon
Clerk
By David J. Thomas
Deputy Clerk  5/23/08

     Whereas, on the 16th day of May, 2008 in the above-captioned action, the Clerk of
the Court entered judgment in favor of the Plaintiffs; CSI Investment Partners II, L.P,
Delaware limited partnership, CIS Acquisition Partners, L.P., a Delaware limited
partnership, Canterbury Mezzanine Capital, L.P., a Delaware limited partnership, David
C Thompson, M. Gerard Keehan, Vineet Pruthi, Donald J. Shea, James M. Rothe,

Michael Cossel, John J. Adams, Robert E. Richardson, Marilyn Schwartz, and Charles Caudle and against the Defendants; Cendant Corporation, a Delware corporation, Henry Silverman, Samuel Katz and Cosmo Corigliano in the amount of $97,847,513.29.

And the said Defendants having been aggrieved thereby, intending to appeal from the aforementioned judgment to the United States Court of Appeals for the Second Circuit and desiring to suspend enforcement of the judgment pending determination of the appeal;

NOW, THEREFORE, Wyndham Worldwide Corporation (as Principal) and Fidelity and Deposit Company of Maryland (NAIC #39306) and Zurich American Insurance Company (NAIC #16535), (as Surety) a surety approved with the United States Department of the Treasury, and being duly registered with the Department of Insurance for the State of New York, with an office and usual place of business at 1400 American Lane, Tower II, 3rd Floor, Schaumburg, IL 60196-1056 undertake and promise to pay CSI Investment Partners II, L.P., a Delaware limited partnership, CIS Acquisition Partners, L.P., a Delaware limited partnership, Canterbury Mezzanine Capital, L.P., a Delaware limited partnership, David C Thompson, M. Gerard Keehan, Vineet Pruthi, Donald J. Shea, James M. Rothe, Michael Cossel, John J. Adams, Robert E. Richardson, Marilyn Schwartz, and Charles Caudle thirty-seven point five (37.5) percent of all damages, costs and interest that may be awarded to them following the appeal of this matter up to the sum of **Forty Million Seven Hundred Twenty-Nine Thousand Twenty-Seven and 41/100 Dollars ($40,729,027.41)** if the judgment so appealed from, or any part of it, is affirmed, or the appeal is dismissed. Wyndham Worldwide Corporation undertakes this obligation for the benefit of defendant Cendant Corporation, n/k/a Avis Budget Group, Inc..

In any case, the maximum liability of the Surety shall not exceed the aggregate sum of **Forty Million Seven Hundred Twenty-Nine Thousand Twenty-Seven and 41/100 Dollars ($40,729,027.41).**

Signed and sealed this 21st day of May, 2008

**Wyndham Worldwide Corporation (for the benefit of defendant Cendant Corporation, n/k/a Avis Budget Group, Inc.), as Principal**

_[signature]_

**Fidelity and Deposit Company of Maryland, as Surety**
**Zurich American Insurance Company, as Surety**

_[signature]_
Sandra Martinez, Attorney-in-Fact

## ACKNOWLEDGEMENT BY SURETY

STATE OF ILLINOIS
COUNTY OF COOK

On this 21st day of May, <u>2008</u>, before me, Douglas Schmude, a Notary Public, within and for said County and State, personally appeared <u>Sandra Martinez</u> to me personally known to be the Attorney-in-Fact of and for Fidelity and Deposit Company of Maryland and Zurich American Insurance Company and acknowledged that she executed the said instrument as the free act and deed of said Company.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the aforesaid County, the day and year in this certificate first above written.

_____
Notary Public in the State of Illinois
County of Cook

## ZURICH AMERICAN INSURANCE COMPANY

### POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that the ZURICH AMERICAN INSURANCE COMPANY, a corporation created by and existing under the laws of the State of New York does hereby nominate, constitute and appoint **Sandra MARTINEZ, Linda ISER, Kathleen J. MAILES, Karen DANIEL, Susan J. PREIKSA, Susan A. WELSH, Robert E. DUNCAN, Joellen M. MENDOZA, James A. CUTHBERTSON and Geoffrey E. HEEKIN, all of Chicago, Illinois,** EACH its true and lawful Attorneys-In-Fact with power and authority hereby conferred to sign, seal, and execute in its behalf, during the period beginning with the date of issuance of this power, : **recognizances or other written obligations in the nature thereof**, and to bind ZURICH AMERICAN INSURANCE COMPANY thereby, and all of the acts of said Attorney[s]-in-Fact pursuant to these presents are hereby ratified and confirmed **Consents to Release of Retainage and/or Final Estimates on Construction Contracts required by the Department of Transportation, State of Florida.** This Power of Attorney is made and executed pursuant to and by the authority of the following By-Law duly adopted by the Board of Directors of the Company which By-Law has not been amended or rescinded.

   Article VI, Section 5. "...The President or a Vice President in a written instrument attested by a Secretary or an Assistant Secretary may appoint any person Attorney-In-Fact with authority to execute surety bonds on behalf of the Company and other formal underwriting contracts in reference thereto and reinsurance agreements relating to individual polices and bonds of all kinds and attach the corporate seal. Any such officers may revoke the powers granted to any Attorney-In-Fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the ZURICH AMERICAN INSURANCE COMPANY by unanimous consent in lieu of a special meeting dated December 15, 1998

   " RESOLVED, that the signature of the President or a Vice President and the attesting signature of a Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile on any Power of Attorney pursuant to Article VI, Section 5 of the By-Laws, and the signature of a Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power. Any such power or any certificate thereof with such facsimile signature and seal shall be valid and binding on the Company. Furthermore, such power so executed, sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, shall continue to be valid and binding on the Company."

IN WITNESS WHEREOF, the ZURICH AMERICAN INSURANCE COMPANY has caused these presents to be executed in its name and on its behalf and its Corporate Seal to be hereunto affixed and attested by its officers thereunto duly authorized, this **26th day of July, A.D. 2006.**



### ZURICH AMERICAN INSURANCE COMPANY

STATE OF MARYLAND } ss:
CITY OF BALTIMORE }    *Gregory E. Murray*   Secretary       By: *Willliam J. Mills*   Vice President

On the 26th day of July, A.D. 2006, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came the above named Vice President and Secretary of ZURICH AMERICAN INSURANCE COMPANY, to me personally known to be the individuals and officers described in and who executed the preceding instrument and they each acknowledged the execution of the same and being by me duly sworn, they severally and each for himself deposed and said that they respectively hold the offices in said Corporation as indicated, that the Seal affixed to the preceding instrument is the Corporate Seal of said Corporation, and that the said Corporate Seal, and their respective signature as such officers, were duly affixed and subscribed to the said instrument pursuant to all due corporate authorization.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above.



*Notary Public*       My Commission Expires: *February 1, 2009*

This Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

### CERTIFICATE

I, the undersigned, a Secretary of the ZURICH AMERICAN INSURANCE COMPANY, do hereby certify that the foregoing Power of Attorney is still in full force and effect, and further certify that Article VI, Section 5 of the By-Laws of the Company and the Resolution of the Board of Directors set forth in said Power of Attorney are still in force.

IN TESTIMONY WHEREOF I have hereto subscribed my name and affixed the seal of said Company

the __21st__ day of __May, 2008__

*Eric D. Barnes*       Secretary

**EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

**CERTIFICATE**

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this ___21st___ day of ___May___, ___2008___.

*Assistant Secretary*

**EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

**CERTIFICATE**

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this 21st day of May, 2008.

*Gerald F. Haley*
*Assistant Secretary*